**Kenneth Paul KNIGHT, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–81–168–CR, 2–81–169–CR.**

Court of Appeals of Texas,
Fort Worth.

June 23, 1982.

Sudderth, Woodley & Dudley, and Doyle Keith Woodley, Comanche, for appellants.

Mac Smith, Dist. Atty., and Dan Carney, Asst. Dist. Atty., Weatherford, for appellees.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

This case is one involving an aggravated assault. By two separate indictments appellant, Kenneth Paul Knight, was alleged to have recklessly caused serious bodily injury to Robert Wayne Gregory and Cody Dean Dodson "by driving a motor vehicle upon a public road in an easterly direction and turning the steering wheel to the left, thereby recklessly causing said motor vehicle to veer to the left onto the westbound traffic side of the public road and strike a motorcycle being ridden by (the victims) thereby causing serious bodily injury to (the victims)." A jury found Mr. Knight guilty of both charges and assessed his punishment at two concurrent five year terms of probation and two $400.00 fines.

We affirm.

The first ground of error states that the trial court erred in failing to instruct the jury to return a verdict of not guilty for the reason that the evidence is insufficient to support Mr. Knight's conviction. Mr. Knight contends that the evidence conclusively showed that the road was a single lane traffic road. Thus, he argues, there was no east bound or west bound traffic side. This contention is unfounded.

■ Mr. Knight himself admitted that his vehicle traveled into the westbound traffic side of the road. The record is devoid of evidence that the road was a one-way thoroughfare. The testimony of several witnesses supports the proposition that Mr. Knight veered into the westbound traffic side of the public road. We overrule the first ground of error.

The second ground of error relates to the exclusion of the testimony of Randall Coburn. The State had filed a motion in limine in regard to testimony relating to the victims' alleged "near collisions" before the incident in question. The basis of this ground of error is that Mr. Knight should have been allowed to impeach the victims' testimony through Randall Coburn.

One of the victims denied having a near collision before the incident in question. In fact, he denied that either of the victims had ridden the motorcycle alone. Both victims denied that they were speeding at the time of the alleged offense.

During a hearing outside the presence of the jury Randall Coburn testified that he had seen two persons hot-rodding a motorcycle in Milsap thirty to forty minutes before the incident in question here. He also testified that he had a near collision with a lone motorcycle rider twenty to thirty minutes before the incident in question here. He could not identify the lone rider and admitted that his near collision could have been with a person other than one of the victims of the offense. The trial court stated its reason for excluding the testimony in regard to the near collision as being the lack of identification of the lone motorcyclist.

■ Whether evidence is relevant to any issue in the case lies within the sound discretion of the trial court and no reversal is warranted unless a clear abuse of that discretion is shown. *Williams v. State*, 535 S.W.2d 637 (Tex.Cr.App.1976).

■ Coburn's testimony would have been relevant if it had tended to prove the existence of recklessness on the part of the victims. Two factors militated against this tendency: (1) Coburn's uncertainty of the identity of the lone rider; and (2) the remoteness of the near collision in point of time to the incident in question. In view of these factors we hold that the trial court did not abuse its discretion and overrule the second ground of error.

Mr. Knight's third and fourth grounds of error go to condition number eight of his probation by which the trial court ordered that he make payments in restitution.

■ He complains in ground of error number three that the trial court erred by ordering that the payments in restitution be made "to and through the Adult Probation Office of Parker County" because the trial court did not order that Mr. Knight make restitution to the victims of the crime. We disagree.

By ordering that the payments be made "to and through" the Adult Probation Office the trial court was merely providing a means by which the payments could be accounted for. We overrule the third ground of error.

The fourth ground of error states that the specific monetary amounts ordered to be paid were not supported by sufficient evidence. Mr. Knight would have us impose the same burden of proof as to the reasonableness and necessity of expenses as is found in civil damage suits.

V.A.C.C.P. art. 42.12 sec. 6(h) (1979) prescribes that the dollar amount of restitution is a matter that the court "shall determine". In *Cartwright v. State*, 605 S.W.2d 287, 289 (Tex.Cr.App.1980) it was stated:

Due process considerations thus implicated require that there must be evidence in the record to show that the amount set by the court has *factual basis. Thompson v. State*, 557 S.W.2d 521, 525–526 (Tex.Cr. App.1977). [Emphasis ours.]

It appears that the standard applied in *Cartwright* and *Thompson* was one of whether there is evidence tending to show that the sum was "just".

■ We have reviewed the evidence and hold that it shows the sums ordered to be

paid were "just". Testimony was presented in regard to both victims. We overrule the fourth ground of error.

The judgments of the trial court are affirmed.