Janet Delois COLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–01221–CR.

Court of Appeals of Texas,
Dallas.

Oct. 8, 1985.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Crim. Dist. Atty., Wm. Randell Johnson, Asst. Dist. Atty., Dallas, for appellee.

Before STEPHENS, WHITHAM and McCLUNG, JJ.

WHITHAM, Justice.

Appellant, Janet Delois Collins, appeals a conviction for securing execution of a document by deception. In her sole ground of error, appellant contends that the trial court erred in establishing the amount of restitution based upon alleged improprieties on appellant's part prior to the initiation of the document which was the basis of the prosecution in this cause. Because there was evidence tending to show that the restitution sum was just, we affirm the judgment of the trial court.

At the conclusion of the punishment hearing, the trial court assessed penalty at confinement in the Texas Department of Corrections for three (3) years but suspended imposition of that sentence and placed the appellant on probation for a period of three (3) years. One of the terms and conditions of probation was that appellant pay restitution to the Texas Department of Human Resources in the amount of $5,969.22.

The indictment alleged that on April 11, 1983, appellant improperly related information to the Texas Department of Human Resources which allowed her to receive a greater amount of benefits than that to which she would have been entitled based upon the income of her household. Further, the indictment alleged that such information caused the generation of a document in May of 1983 that enabled appellant to receive monies from the Department of Human Resources to which she otherwise would not be entitled.

At trial, the State was permitted over objection to introduce evidence as to appellant's employment history prior to the date alleged in the indictment on which she gave improper and inaccurate information to the Department of Human Resources concerning her employment history. In addition, the State was allowed to introduce evidence that appellant improperly received payments from the Texas Department of Human Resources for a period commencing in

December of 1981 and concluding in December of 1983. Thus, the amount of money received by appellant included that which was gained because of her actions occurring in April of 1983, as well as because of her actions which occurred prior to that time.

Appellant argues that the trial court abused its discretion in basing the amount of restitution "upon a course of conduct that went beyond the time restraints contained in the indictment." Appellant relies upon *Bruni v. State*, 669 S.W.2d 829 (Tex. App.—Austin 1984, no pet.) as her sole authority in support of her argument. We deem *Bruni* inapplicable. *Bruni* dealt with TEX.CODE CRIM.PROC.ANN. art. 42.12 § 15(g) (Vernon Supp.1985), a section concerning conditions of parole, not probation. The statutory language governing conditions of parole is narrow. Specifically, section 15(g) states, "[t]he conditions shall include the making of restitution or reparation to the victim of the prisoner's crime."

In contrast, the statutory language concerning conditions of probation is much broader. The section applicable to this case states that the terms and conditions of probation may include the condition that the probationer shall "make restitution or reparation in any sum the court shall determine." TEX.CODE CRIM.PROC.ANN. art. 42.12 § 6(a)h (Vernon Supp.1985). Therefore, we conclude that those cases which are applicable establish that the trial court did not err in requiring restitution for AFDC overpayments arising from appellant's actions which occurred prior to April of 1983. In *Cartwright v. State*, 605 S.W.2d 287 (Tex.Crim.App.1980), the court of criminal appeals set the limits on the trial court's discretion in setting a restitution condition on probation. The court wrote, "[d]ue process considerations ... require that there must be evidence in the record to show that the amount set by the court has a factual basis." *Cartwright*, 605 S.W.2d at 289.

In *Cartwright* the court found that the amount of restitution for the victim's personal injuries from an aggravated assault did not have an adequate evidentiary basis. In the present case, however, the factual basis for restitution was adequate. Specifically, the record includes the following testimony from Lorraine Sydnor, a criminal investigator for the Texas Department of Human Resources:

[PROSECUTOR]: Were you called upon to calculate the amount of loss that the Texas Department of Human Resources incurred in this case?

[WITNESS]: Yes, sir.

[PROSECUTOR]: And how did you calculate the amount of loss?

[WITNESS]: By taking the records that were sent to me from the Temporary', [sic] Incorporated, and doing a month-to-month budget, based upon the earned income that was not reported. Which indicated, that not every month was Ms. Collins not eligible for benefits, but just certain months. The months that she was eligible for either partial or some benefits she did, in fact, receive them, according to my calculation, and the months that she was not eligible, subtracted the amount that she was not entitled to have.

It also—it would include her A.F.D.C., Medicaid and food stamps benefits and this period of time started from December of '81 through December of '83.

[PROSECUTOR]: And what was the total amount of A.F.D.C. benefits Ms. Collins received?

[WITNESS]: A.F.D.C. she received two thousand ten dollars, Medicaid was seventeen hundred thirty-seven dollars and twenty-two cents and food stamps was two thousand two hundred and twenty-two dollars.

[PROSECUTOR]: For a total amount of?

[WITNESS]: Five thousand nine hundred and sixty-nine dollars and twenty-two cents.

[PROSECUTOR]: And this was over and above the amount she would have been entitled to receive?

[WITNESS]: That is correct.

[PROSECUTOR]: Had she answered her form 1101 truthfully.

[WITNESS]: And filled out her application correctly, that is correct, sir.

\* \* \* \* \* \*

[PROSECUTOR]: So the amounts that you testified to, the total amount of monies that were disbursed in the name and to Ms. Collins, five thousand nine hundred and sixty-nine dollars and twenty-two cents were based upon calculations that you made from documents identical to State's Exhibit 1 and 1(a); is that correct?

[WITNESS]: That's correct, sir.

The record also reflects that on April 14, 1983, the Texas Department of Human Resources conducted a follow-up interview with appellant concerning her application for aid. At the April 14 interview, appellant indicated that she was unemployed and had not been employed during the six months prior to the interview. This information was false. We conclude that this false information given within three days of her application bears sufficient nexus to the initiation of the document which was the basis of the prosecution to "show that the sum [of restitution] was 'just'." *Knight v. State,* 635 S.W.2d 650, 652 (Tex. App.—Fort Worth 1982, no pet.). The award of restitution is within the discretion of the trial court. In the absence of an abuse of discretion the award of restitution will not be reversed. As the court of criminal appeals noted in *Cartwright,* "[c]ertainly whether to order restitution as a condition of probation is within the sound discretion of the trial court. But the dollar amount is a matter the court shall determine." *Cartwright,* 605 S.W.2d at 289. We conclude, therefore, that the trial court did not err in basing the amount of restitution upon appellant's prior improprieties concerning AFDC benefits.

Affirmed.