(69 P.3d 213)
88,754

STATE OF KANSAS, *Appellee*, v. LAMONT W. ZEINER, *Appellant*.

Opinion filed May 23, 2003.

*Theresa Barr*, assistant appellate defender, for appellant.

*Charles L. Rutter*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., MARQUARDT, J., and PADDOCK, S.J.

KNUDSON, J.: Lamont W. Zeiner appeals from the restitution order entered by the district court as a condition of probation following his conviction for aiding a felon, contrary to K.S.A. 21-3812(a), a severity level 8 nonperson felony. Zeiner contends the district court erred in imposing restitution for damages not caused by his crime.

We reverse. The damages were not caused by Zeiner's crime, nor did he acquiesce to payment of damages in the underlying plea agreement. Consequently, under K.S.A. 2002 Supp. 21-4610(d)(1), an order of restitution should not have been imposed.

The controlling facts are not in material dispute. Zeiner was initially charged with conspiracy to commit robbery (K.S.A. 21-3302; K.S.A. 21-3426), a severity level 7 person felony, and attempted aggravated robbery (K.S.A. 21-3301; K.S.A. 21-3427), a severity level 5 person felony. Under a plea agreement, the conspiracy charge was amended to aiding a felon and the attempt charge was dismissed. The agreement did not require Zeiner to pay restitution for damages sustained as a result of the attempted robbery.

The sentencing judge relied upon the presentence investigation (PSI) report to determine there was a sufficient legal nexus between Zeiner's conduct and the attempted robbery victim's dam-

ages. The scrivener of the PSI report relied upon the detective's probable cause affidavit prepared to support the initial charges filed against Zeiner. In the affidavit, statements attributable to Zeiner and the other charged defendants indicate Zeiner was a full partner in the attempted robbery. However, subsequently taped interviews of the defendants by a detective bring into legitimate question whether Zeiner was a coconspirator or a participant in the attempted aggravated robbery. At sentencing, Zeiner's attorney unsuccessfully objected to the order of restitution, arguing his client was not a participant in the planning or execution of the botched robbery but only an aider and abettor after the fact.

The issue on appeal requires interpretation of K.S.A. 2002 Supp. 21-4610(d)(1), which provides: "(d) In addition to any other conditions of probation, . . . the court shall order the defendant to comply with each of the following conditions: (1) Make reparation or restitution to the aggrieved party for the damage or loss *caused by the defendant's crime* . . . ." (Emphasis added.)

Our standard of review is de novo. See *Babe Houser Motor Co. v. Tetreault*, 270 Kan. 502, 506, 14 P.3d 1149 (2000).

If Zeiner would have agreed to pay restitution, we would have no difficulty in affirming the district court. See *State v. Ball*, 255 Kan. 694, 877 P.2d 955 (1994) (where defendant agreed to pay restitution on dismissed charges). Instead, as suggested in *Ball*, we must consider whether the damages were caused, directly or indirectly, by the crime for which Zeiner was convicted. See 255 Kan. at 701.

As already noted, Zeiner pled guilty to aiding a felon. K.S.A. 21-3812 provides, in material part: "(a) Aiding a felon is knowingly harboring, concealing or aiding any person who has committed a felony under the laws of this state . . . with intent that such person shall avoid or escape from arrest, trial, conviction or punishment for such felony."

We find instructive *State v. Hall*, 30 Kan. App. 2d 746, 49 P.3d 19 (2002). Hall was sentenced on two counts of aiding a felon. He had been initially charged with one count of first-degree murder and two counts of attempted first-degree murder. The district court's restitution order required Hall to pay the victims' damages.

In reversing the restitution order, the Court of Appeals held that the district court erred because there was not a causal connection between the crime committed and the harm inflicted on the victims. 30 Kan. App. 2d at 750.

The case on appeal bears a striking resemblance to the controlling facts of *Hall*. Zeiner did not plead to the underlying felony that resulted in harm to the victim, and he did not agree to pay restitution arising from dismissed charges. Missing is the causal relationship or nexus between the crime of conviction and the harm caused, as required under K.S.A. 2002 Supp. 21-4610(d)(1) before restitution may be imposed. Consequently, the district court did err, and its restitution order must be set aside.

Our holding has limited application. In most instances, counsel for the State and the defendant will be able to reach an explicit understanding in a plea agreement or the nexus between the dismissed crimes and the crime of conviction will be adequate to permit imposition of a restitution order for damage or loss resulting from dismissed charges. See *Hall*, 30 Kan. App. 2d at 750.

Reversed and remanded with directions.