No. 86,324

STATE OF KANSAS, *Appellee,* v. GARY LYNN DEXTER, *Appellant.*
(80 P.3d 1125)

December 19, 2003.

*Nathan B. Webb*, assistant appellate defender, argued the cause and was on the briefs for appellant.

*James R. Spring*, county attorney, argued the cause, and *Carla J. Stovall*, attorney general, was with him on the brief for appellee.

The opinion was delivered by

LUCKERT, J.: Pursuant to a plea agreement, Gary Lynn Dexter pled guilty to one count of impairing a security interest; six additional counts of impairing a security interest were dismissed. As a condition of probation the district court imposed restitution based on all seven counts.

On direct appeal, the Court of Appeals affirmed, holding that: (1) the discharge in bankruptcy of the debts which gave rise to the security interest did not preclude an order of restitution; (2) the

district court had authority to order restitution on charges dismissed as part of a plea agreement; and (3) judicial misconduct did not prevent a fair hearing. *State v. Dexter*, No. 86,324, unpublished opinion filed April 25, 2003. This court granted Dexter's petition for review in which he challenged only the last two portions of the Court of Appeals' ruling.

We reverse, finding that under the facts of this case the trial court did not have authority to order full restitution on the dismissed charges because Dexter did not agree as part of the plea agreement to pay full restitution on the dismissed counts and the full loss was not caused entirely by the crime to which he pled guilty.

## Facts

Gary Lynn Dexter was a self-employed car salesman in Winfield. The State Bank of Winfield (Bank) financed Dexter's inventory. In September 1998, Dexter was charged with seven counts of impairing a security interest in violation of K.S.A. 21-3734(a)(3) when he sold vehicles in inventory without accounting to the Bank for the proceeds. Each count related to a specific vehicle.

Pursuant to a written plea agreement, Dexter pled guilty to one count of impairing a security interest in exchange for dismissal of the remaining six counts. The agreement also stated: "Defendant further understands that he is currently under Federal Bankruptcy Order to make payments to the Trustee. Defendant shall continue to pay the Bankruptcy Trustee as ordered so proper distributions can be made to the victim in this case."

At the plea hearing, Dexter was advised that he was pleading to a charge of impairing a security agreement by failing to account for the proceeds of the sale of a 1989 Chevy pickup and that the offense occurred between February 12, 1999, and April 8, 1999 (although the complaint and written plea agreement used dates of 1997). As the factual basis for the plea of guilty, Dexter admitted that he owned the 1989 Chevy pickup, granted the Bank a security interest in that vehicle, was required by the security agreement to account to the Bank as secured party for the proceeds of the vehicle, sold the 1989 Chevy pickup, and failed to account for the

proceeds which exceeded $500. Dexter made no admissions regarding the other counts. Dexter also informed the court that, as a condition of the plea agreement, he had agreed to make restitution to the Bank through the bankruptcy proceeding as specified in the written agreement. Dexter also stated he understood that the plea agreement was not binding on the district court.

The presentence investigation report included a letter from the Bank stating that Dexter owed the Bank a total of $52,027.04. The letter also indicated that the Bank did not expect to receive full reimbursement through the bankruptcy proceeding and stated: "Restitution needs to be made on the full amount."

On December 13, 1999, the district court placed Dexter on probation for 24 months with an underlying sentence of 6 months' imprisonment. When the district court indicated its intention to impose restitution of $52,027.04, Dexter objected, arguing that the court should follow the plea agreement which provided for restitution to be made in the bankruptcy proceeding or, in the alternative, that restitution should be limited to the one count to which Dexter pled guilty. At the request of both sides, the district court agreed to schedule another hearing to address the restitution issue. At the subsequent hearing, Dexter continued to argue that, because he did not agree to pay restitution on the dismissed charges, the court could order restitution only on the crime of conviction. Dexter cited *State v. Ball*, 255 Kan. 694, 877 P.2d 955 (1994), in support.

The district court issued a memorandum decision ordering Dexter to pay restitution of $52,027.24 to the Bank. The court found that the paragraph mentioning restitution in the plea agreement was not binding and was only an acknowledgment of Dexter's obligation to make monthly payments under the bankruptcy order. The court found these payments to be inadequate, amounting only to interest of less than half a percent a year with no reimbursement of principal. The court also found that *Ball* did not support Dexter's position and the applicable statutes did not limit the court's authority to order restitution for crimes to which Dexter did not plead.

Dexter then filed a motion requesting an evidentiary hearing on the issue of restitution. At the conclusion of the hearing, the district court reaffirmed its previous ruling.

### *Did the District Court Err in Ordering Restitution on Dismissed Charges Where Dexter Did Not Agree to Pay Restitution as Part of the Plea Agreement?*

Dexter argues that the district court erred in imposing restitution on dismissed charges for which he never agreed to pay restitution. Without this agreement, Dexter argues, the district court did not have authority to impose the restitution because the one count of impairing a security interest did not cause the loss which arose from the other six counts.

Two statutes govern our consideration of this issue. First, K.S.A. 2002 Supp. 21-4603d, which sets out the authorized dispositions for crimes committed after July 1, 1993, provides in relevant part:

"(b)(1) In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

Second, K.S.A. 2002 Supp. 21-4610, which governs conditions of probation, provides in relevant part:

"(d) In addition to any other conditions of probation . . . the court shall order the defendant to comply with each of the following conditions:

"(1) Make reparation or restitution to the aggrieved party for the damage or loss caused by the defendant's crime, in an amount and manner determined by the court and to the person specified by the court, unless the court finds compelling circumstances which would render a plan of restitution unworkable."

Because of the limitations imposed by these statutes, "[i]n Kansas, restitution for a victim's damages or loss depends on the establishment of a causal link between the defendant's unlawful conduct and the victim's damages." *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 9, 56 P.3d 202 (2002).

An appellate court's review of a restitution order can involve three standards of review. Issues regarding the amount of restitution and the manner in which it is made to the aggrieved party are normally subject to review under an abuse of discretion standard.

*Hunziker*, 274 Kan. at 659-60. However, a district judge's factual finding of causation between the crime and the victim's loss is subject to a substantial competent evidence standard of review. *State v. Goeller*, 276 Kan. 578, Syl. ¶ 1, 77 P.3d 1272 (2003). Finally, this court has unlimited review over the district court's interpretation of statutes. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

Our application of these standards begins with a review of the cases relied upon by, or distinguished by, the parties, the district court, and the Court of Appeals.

In *State v. Ball*, this court held:

"When . . . a defendant has been charged with numerous offenses and has agreed to plead guilty to one or more counts and pay restitution for each of the charged offenses in exchange for the State's agreement to dismiss several charges . . . the sentencing court has authority to order the restitution provided in the plea agreement." 255 Kan. at 701.

In so holding, the court found that K.S.A. 1992 Supp. 21-4603 and 21-4610 did not limit a court's authority to order restitution for charged offenses which were dismissed pursuant to a plea agreement. 255 Kan. at 699-701. However, the court specifically reserved the question before us today, noting that the decision did not address the "legality of orders that a defendant pay restitution for crimes with which he has not been charged or crimes for which he has not agreed to pay restitution." 255 Kan. at 701.

In *State v. Turner*, 22 Kan. App. 2d 564, 919 P.2d 370 (1996), the Court of Appeals addressed the question left unresolved by *Ball*. The facts of *Turner* were similar to those of the case at bar. In *Turner*, the defendant pled guilty to two counts of forgery in exchange for the State's dismissal of two other counts. The trial court ordered restitution on all four counts. Defendant had neither agreed to pay restitution on the dismissed charges nor admitted to the allegations in the dismissed charges. Nevertheless, the Court of Appeals concluded that K.S.A. 21-4610(d)(1) did not limit the sentencing court's authority to order restitution on crimes to which the defendant did not plead. 22 Kan. App. 2d at 567. The Court of Appeals offered no further analysis of its decision, and no petition for review was filed.

This court revisited the issue of restitution in *State v. Hymer*, 271 Kan. 716, 26 P.3d 63 (2001). There, the issue was whether an unpaid order of restitution made in a prior case could be imposed as a condition of probation in an unrelated, subsequent case. This court concluded it could not, holding that, absent an agreement by the defendant, K.S.A. 2000 Supp. 21-4610(d) limited restitution to the damage or loss caused by the offense for which defendant was sentenced. Because the restitution in the prior case clearly was not caused by Hymer's current crime of conviction and because Hymer did not agree that the previous restitution order could be imposed as a condition of probation, imposition of the previous restitution order as a condition of probation was improper. 271 Kan. at 724.

The Court of Appeals has addressed the restitution issue in the context of a plea agreement twice more since *Hymer*. In *State v. Hall*, 30 Kan. App. 2d 746, 49 P.3d 19 (2002), the defendant was originally charged with aiding and abetting two drive-by shooters, but he pled guilty to two counts of aiding a felon for assisting the shooters in formulating an alibi. The district court ordered the defendant to pay over $100,000 in restitution for the shooting victims' funeral, medical expenses, and property damage.

The Court of Appeals cited *Ball*, *Turner*, and *Hymer* in vacating the restitution order. First, the *Hall* court noted *Ball*'s holding that the restitution statute does not limit a court's authority to order restitution on dismissed charges where the defendant has agreed to pay restitution as part of a plea bargain. Next, the court discussed *Turner* which extended the *Ball* holding to grant a court authority to order restitution on dismissed counts even where the defendant did not agree to pay restitution and did not admit the allegations. 30 Kan. App. 2d at 749. The court criticized *Turner*, stating:

"[E]xtending the district court's authority to order disputed restitution on charges which are not admitted creates the potential for unfairness. If a complaint contains crimes which the defendant did not commit, he or she would be in the untenable position of choosing whether to go to trial on all of the charges or to plead guilty to the crimes actually committed, but pay the victims of another person's crimes." 30 Kan. App. 2d at 750.

The *Hall* court found both *Ball* and *Turner* to be factually distinguishable because Hall's conviction was "sufficiently distinct

both in nature and in temporal proximity from the acts actually causing the damages, the shooting, to call into question the propriety of the restitution award." Citing *Hymer*, the court held that "[a] nexus must exist between the crime of conviction and the conduct for which restitution was imposed." 30 Kan. App. 2d at 750. Because Hall's criminal activity of assisting the shooters with their false alibi did not cause the shooting victims' damages, the court concluded there was no such nexus and vacated the restitution order. 30 Kan. App. 2d at 750. No petition for review was filed in *Hall*.

The most recent Court of Appeals case to address the restitution issue was *State v. Zeiner*, 31 Kan. App. 2d 606, 69 P.3d 213 (2003). The facts of *Zeiner* were similar to the facts of *Hall* in that the defendant did not plead guilty to the underlying felony which resulted in harm to the victim and did not agree to pay restitution on dismissed charges. As in *Hall*, the *Zeiner* court found no causal relationship or nexus between the crime of conviction and the harm caused as required by K.S.A. 2002 Supp. 21-4610(d)(1). 31 Kan. App. 2d at 608. Again, no petition for review was filed.

Finally, this court recently decided *State v. Goeller*, 276 Kan. 578, in which the defendant pled to several counts, including driving under the influence, in exchange for the State dismissing other counts, including one of driving left of center. The district judge ordered restitution for injuries caused when the vehicle Goeller was driving collided with the victim's automobile. Goeller argued the injuries were actually and proximately caused by his driving left of center, a charge dismissed pursuant to his plea agreement. He posited the issue as one of causation, not as whether the dismissal of the charge of driving left of center vitiated the district court's authority to order restitution for damages which arose from that more specific charge. We found that there was substantial competent evidence that Goeller's driving under the influence caused the injuries to the victim. 276 Kan. at 583.

In the instant case, the Court of Appeals relied primarily upon *Hymer* in ruling that the restitution order was proper because the Bank's losses were caused, directly or indirectly, by Dexter's crime of conviction. In finding that there was a nexus between Dexter's

crime of conviction and the conduct for which restitution was imposed, the court cited the *Hymer* court's discussion of three foreign cases: *State v. Cummings*, 120 Ariz. 69, 583 P.2d 1389 (Ariz. App. 1978); *LaPann v. State*, 167 Ga. App. 288, 306 S.E.2d 373 (1983); and *Collins v. State*, 701 S.W.2d 275 (Tex. Crim. App. 1985).

In *Cummings*, the defendant pled guilty to burglarizing his former employer in 1977. He confessed to burglarizing the same premises a few weeks earlier and taking goods but was never charged with the earlier offense. As a condition of probation, the defendant was ordered to make restitution to his former employer for the loss suffered in the earlier burglary. The Arizona Court of Appeals upheld the restitution order as "reasonably related to reparations." 120 Ariz. at 70.

In *LaPann*, the defendant, a county tax commissioner, was suspended from his job on suspicion of theft and forgery but continued to receive a salary until he was convicted. A Georgia statute prohibited a suspended county officer from receiving income from his office. As a condition of probation, the court ordered the defendant to repay the salary he had received while suspended. The Georgia Court of Appeals upheld the restitution order under a Georgia statute very similar to K.S.A. 2002 Supp. 21-4610(d). 167 Ga. App. at 292.

In *Collins*, the defendant was convicted of falsifying an application for AFDC benefits in April 1983. As a condition of probation, she was ordered to pay restitution for payments improperly received as a result of that falsification and also for prior payments improperly received. The Texas Court of Appeals concluded that the trial court did not err in basing the restitution order on the defendant's "prior improprieties concerning AFDC benefits." 701 S.W.2d at 277.

The *Hymer* court distinguished these cases on several grounds. First, it noted that only in the Georgia decision of *LaPann* was there any discussion of a statutory provision that limited restitution to the consequences of the crime. 271 Kan. at 721. The Arizona court, in *Cummings*, noted that it would uphold the exercise of discretion in imposing probation conditions reasonably related to reparations so that only where the terms of probation "bear no

relationship whatever to the purposes of probation" will the award be overturned. 120 Ariz. at 71. The Texas court contrasted the probation statute which allowed an award "in any sum" to the parole statute which restricted restitution to the victim of the prisoner's crime. *Collins*, 701 S.W.2d at 276. Thus, the statutes were much broader than the provisions in Kansas.

Second, the court in *Hymer* distinguished these cases because, while there was no nexus between Hymer's crime of conviction and the unpaid restitution order in the prior case, in each of the foreign cases restitution was connected to the crime of conviction. The *Hymer* court noted that "the person or entity that suffered a loss as a result of the defendant's charged crime was the same person or entity that suffered a loss as a result of the defendant's uncharged offense. Furthermore, the charged and uncharged offenses were the same." 271 Kan. at 722-23. The court also stated: "We note in passing that [K.S.A. 2002 Supp.] 21-4610(d) would not preclude restitution for such loss or damages at issue in the *LaPann* or *Collins* cases. Those losses were caused, directly or indirectly, by the crime for which the defendant was sentenced." 271 Kan. at 724.

In the instant case, the Court of Appeals concluded that the *Hymer* court's omission of *Cummings* in the latter quotation was probably an oversight since *LaPann*, *Collins*, and *Cummings* were all discussed as having a nexus. The Court of Appeals noted that the nexus between Dexter's crime of conviction and the conduct for which restitution was imposed was similar to the nexus found in the three foreign cases: "(1) the Bank was the victim of Dexter's convicted offense and the dismissed offenses; (2) the charged and dismissed offenses were the same; and (3) all seven offenses arose under a single underlying security agreement." Thus, the court held that because the Bank's losses were caused, directly or indirectly, by Dexter's crime of conviction, the trial court's restitution order was consistent with K.S.A. 2002 Supp. 21-4603d and 21-4610.

Contrary to the Court of Appeals' analysis, the omission of the *Cummings* case from the above-referenced sentence in *Hymer* was significant. As previously noted, the holding in *Hymer* was that

K.S.A. 2000 Supp. 21-4610(d) limits the trial court to "ordering restitution for the damage or loss caused by the offense for which the defendant is being sentenced." 271 Kan. at 724; see *State v. Goeller*, 276 Kan. at 580-81. The monetary loss in *Cummings*, although suffered by the same victim for the same crime, resulted from a separate and distinct burglary several weeks before the crime charged and, hence, was not caused by the crime for which the defendant was sentenced. In this regard, of the three cases discussed in *Hymer*, the *Cummings* case is most factually similar to this case in which Dexter was charged with failing to account for the sale proceeds of seven different vehicles during various periods of time. The failure to account for sale proceeds of the 1989 Chevy pickup did not cause the loss incurred from the failure to account for the other six vehicles.

Of the three foreign cases cited in *Hymer* and discussed by the Court of Appeals in this case, only in *LaPann* was there a causal connection between the loss and the crime of conviction as we require in today's ruling. Although in *Hymer* we stated "in passing" that the restitution in *Collins* was caused directly or indirectly by the crime, it is more accurate to state that only a portion of the loss was caused by the defendant's crime. Other portions of the restitution, while connected to the crime and thus within the broad range of the Texas statute, were not caused by the crime as required by the Kansas statute as we interpret it in this case. In contrast, in *LaPann* the amount owed in restitution arose because of the crime. The restitution was for wages paid while the defendant, a public servant, was on administrative leave pending the outcome of the criminal proceeding. Statutorily, LaPann was not entitled to this salary once convicted of the offense. Thus, the obligation to repay the salary arose because of the commission of the charged crime.

In discussing these cases, the Court of Appeals focused upon the elements of connectedness discussed in *Hymer*: the similarity of the victim and of the crimes. This focus resulted in an overly broad interpretation of "nexus" and ignored the essential, statutorily mandated requirement that the loss be caused by, not merely connected to, the crime of conviction. The Court of Appeals' read-

ing of this portion of the analysis in *Hymer* also ignores *Hymer's* holding that "[a]bsent agreement by the defendant, the district court is limited to ordering restitution only for the offense for which the defendant is sentenced." *Hymer*, 271 Kan. 716, Syl. ¶ 2.

We hold that a district court, when sentencing a defendant to probation, may only order restitution for losses or damages caused by the crime or crimes for which the defendant was convicted unless, pursuant to a plea bargain, the defendant has agreed to pay for losses not caused directly or indirectly by the defendant's crime. In this case there was no agreement except that the defendant would pay restitution through the bankruptcy proceeding. The district court had discretion to determine that this amount and method was inadequate payment for the loss caused by the crime of conviction. However, as a matter of law, the restitution, absent an agreement to the contrary, was limited to the loss caused by the crime to which Dexter pled. The crime for which Dexter was convicted, as alleged in the complaint and recited at the plea hearing, was limited to the failure to account to the Bank as the secured party for the sale of a 1989 Chevy pickup which was subject to a security interest. The factual basis of the plea was similarly limited. Dexter's failure to account for the proceeds of the sale of this one vehicle did not cause the loss resulting from his failure to account for the proceeds of the sale of the other six vehicles.

We reverse and remand for determination of the restitution owed for the failure to account to the Bank for the proceeds of the 1989 Chevy pickup.

Because we reverse the restitution order, we need not address the other issues raised in Dexter's petition for review.

BEIER, J., not participating.

BRAZIL, S.J., assigned█