NOT DESIGNATED FOR PUBLICATION

No. 122,486

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of E.S.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Opinion filed August 21, 2020. Vacated and remanded with directions.

*Jordan E. Kieffer*, of Dugan & Giroux Law, Inc., of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: E.S. appeals his sentence following his adjudication as a juvenile offender for acts that if committed by an adult would constitute one count of burglary. E.S. claims the district court erred in ordering him to pay $5,000 in restitution despite insufficient evidence to support that order. We agree with E.S.'s claim, so we vacate the restitution order and remand to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Just before noon on August 20, 2018, Khanh Nguyen reported to police that a vacant house she owned had been vandalized. The door lock and a window were broken, as was some drywall and trim inside the house. After identifying the damage to the police, Nguyen closed the door of the house, which she was unable to lock, and left.

1

At about 4 p.m., Nguyen returned to the house. She saw people inside and when she yelled "'Police'" or "'It's the police,'" people ran out of the house. Nguyen followed the people for 20 to 30 minutes and then returned to the house and called the police. Wichita police officer Jonathan Gould responded and walked through the house with Nguyen while she pointed out damage that had occurred after the earlier police report. According to Gould, they "had a hard time communicating through some of it, but [he thought he] got some of the broader details of the new damage." Nguyen said that more drywall and trim had been damaged, the bathroom door was broken, and a closet door was damaged. Also, the air conditioning unit, furnace, and water heater were missing.

On October 26, 2018, the State charged E.S. in juvenile court with one count of burglary and one count of criminal damage to property stemming from the second incident at Nguyen's house. E.S. later pled no contest to one count of burglary in exchange for dismissal of the other charge. The district court adjudicated him a juvenile offender and found him guilty of acts that if committed by an adult would constitute one count of burglary. Under the plea agreement, the State was "requesting restitution in the amount of $8,342.10, which Respondent will be contesting at the time of sentencing."

The district court held a sentencing and restitution hearing on June 25, 2019, at which Nguyen and Gould testified. After hearing the testimony and argument of counsel, the district court ordered E.S. to participate in 12 months of intensive supervision probation and pay $5,000 in restitution. The restitution award was equal to the amount of Nguyen's insurance deductible on the house. E.S. timely appealed his sentence.

ANALYSIS

E.S. claims the district court erred by ordering him to pay $5,000 in restitution. First, he argues that the evidence at the restitution hearing was unclear, unreliable, and insufficient to determine what, if any, damage his offense caused. Second, he argues that

2

even if the evidence was reliable, the district court erred by awarding restitution in the amount of Nguyen's insurance deductible rather than calculating the fair market value of the missing water heater, air conditioner, and furnace. E.S. asks this court to vacate the restitution order or, in the alternative, to remand for a new evidentiary hearing and a determination of the proper amount of restitution.

The State concedes that the evidence presented at the restitution hearing was unclear and it notes that the transcript of the restitution hearing further compounds the problem since much of Nguyen's testimony is represented as "indiscernible." The State argues that the district court did not err in ordering restitution, but the State agrees that we should vacate the restitution order and remand to the district court for further proceedings to determine the appropriate amount of restitution.

Neither the Kansas Supreme Court nor the Kansas Legislature has explicitly defined the standard of review for a restitution order in juvenile offender proceedings under the Revised Kansas Juvenile Justice Code. See *In re E.S.*, No. 107,264, 2013 WL 2321158, at *6 (Kan. App. 2013) (unpublished opinion). Historically, however, we have used the standard of review applicable to restitution orders entered in adult criminal proceedings. See 2013 WL 2321158, at *6. As relevant here, we review the amount of restitution for abuse of discretion. *State v. Hall*, 298 Kan. 978, 989, 319 P.3d 506 (2014).

K.S.A. 2019 Supp. 38-2361(a)(7) and (d)(1) allow a court to order a juvenile offender "to make reparation or restitution to the aggrieved party for the damage or loss caused by the juvenile offender's offense" absent compelling circumstances that make it unworkable. K.S.A. 2019 Supp. 38-2361(d)(2) provides that "restitution may include, but shall not be limited to, the amount of damage or loss caused by the juvenile's offense."

In Kansas, an order for restitution in a criminal case depends on the establishment of a causal link between the defendant's crime and the victim's damages. *State v. Alcala*, 301 Kan. 832, 837, 348 P.3d 570 (2015). But our Supreme Court has determined that the requirement of a causal connection may be satisfied if the loss was either directly or indirectly caused by the crime. See *Hall*, 298 Kan. at 990. A "'court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure.'" *State v. Hunziker*, 274 Kan. 655, 660, 56 P.3d 202 (2002). Finally, a defendant may be ordered to pay restitution when he or she has agreed to do so as part of a plea agreement, even if the crime of conviction is not causally related to the damage or loss. See *State v. Dexter*, 276 Kan. 909, 919, 80 P.3d 1125 (2003).

Our Supreme Court recently addressed the issue of what constitutes sufficient causation to support a claim for restitution in *State v. Arnett*, 307 Kan. 648, 413 P.3d 787 (2018). In that case, the court held:

> "To establish that one thing proximately caused another, a party must prove two elements: cause-in-fact and legal causation. Generally, causation-in-fact requires proof that it is more likely than not that, but for the defendant's conduct, the result would not have occurred. Legal cause limits the defendant's liability even when his or her conduct was the cause-in-fact of a result by requiring that the defendant is only liable when it was foreseeable that the defendant's conduct might have created a risk of the harm and the result of that conduct and any contributing causes were foreseeable." *Arnett*, 307 Kan. 648, Syl. ¶ 5.

The State briefly argues that E.S. may not challenge the district court's decision to order restitution because in the plea agreement he agreed to pay restitution. The written plea agreement stated that in exchange for E.S.'s no-contest plea, the "State will request restitution in the amount of $8,342.10, [and] Respondent will be contesting that amount." This language does not explicitly state that E.S. agreed to pay restitution; rather, it acknowledges that restitution is disputed. See *State v. Huff*, 50 Kan. App. 2d 1094, 1098,

4

336 P.3d 897 (2014) (holding that language in a plea agreement that defendant would "pay restitution in an amount to be determined at a later hearing" did not bar a later challenge to a restitution order). At the restitution hearing, E.S. argued that the district court should decline to order restitution at all, and the State did not object to the argument as barred by the plea agreement. For these reasons, we find that the State's argument that E.S. may not challenge the restitution order unpersuasive.

Turning to whether the district court abused its discretion in setting the amount of restitution at $5,000, we agree with the parties that the transcript of the restitution hearing leaves us unable to conduct a meaningful review. In the 24 pages reflecting Nguyen's testimony, the word "indiscernible" appears 31 times. Often, the indiscernible nature of her testimony completely obscures its meaning. For example, when the State asked, "[H]ow much the insurance [company] said that the damage to the house was," the transcript reflects that Nguyen replied, "He said here is the 15,000 for [indiscernible]."

Along with the obvious communication difficulties, Nguyen's testimony at the restitution hearing was confusing as to whether she was referring to property damage alleged to have occurred during the first burglary on August 20, 2018, or the second burglary, which involved E.S. Moreover, it was unclear whether the damage figures Nguyen expressed were for the replacement cost of items or the fair market value of the loss. Finally, the district court's decision to award $5,000 in restitution because that amount represented Nguyen's insurance deductible was arbitrary and unsupported by the totality of the evidence presented at the hearing.

As stated above, a district court's restitution order "'must be based on reliable evidence which yields a defensible restitution figure.'" *Hunziker*, 274 Kan. at 660. Under the circumstances here, we agree with the parties that the record does not include reliable evidence that supports the amount of restitution the district court awarded. We believe the proper remedy is to vacate the restitution order and remand for the district court to hold a

new evidentiary hearing to determine the proper amount of restitution. See *State v. Kraft*, No. 117,658, 2018 WL 1884045, at *7 (Kan. App. 2018) (unpublished opinion) (vacating restitution order and remanding for a new hearing because "we do not believe that we can properly assess whether the district court's restitution order should be upheld based on the record before us"). Thus, we vacate the district court's restitution order and remand for further proceedings to determine the proper amount of restitution.

Vacated and remanded for further proceedings.