NOT DESIGNATED FOR PUBLICATION

No. 122,392

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSEPH EDWARD MIXON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed November 10, 2022. Sentence vacated in part.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Alexander C. Driskell*, assistant county attorney, *Jeffery Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., GREEN and ATCHESON, JJ.

PER CURIAM: Joseph Edward Mixon challenges the portion of his criminal sentence which required him to pay restitution because he claims the victim suffered no damage or loss from his crimes. Since the restitution award does not arise out of Mixon's crimes of conviction, we vacate that portion of his sentence.

The story of this case begins on October 5, 2018, when Mixon, his girlfriend, and their dog were discovered uninvited inside a Salina residence. Because they left when the victim confronted them and he found nothing missing, the victim did not contact the

1

police. But after Mixon returned twice over the next few days, the victim obtained a protection from stalking (PFS) order against Mixon on October 15, 2018, and installed a home security system shortly thereafter.

But our story does not end there. The victim's newly installed security system recorded Mixon trying to open the victim's front door at 3:30 a.m. on December 9, 2018, and again a few days later.

Mixon was arrested and first charged with one count of stalking, four counts of criminal trespass, and one count of violation of a stalking order. These charges were amended several times, and Mixon ultimately pleaded no contest to attempted residential burglary and criminal trespass, both relating to his actions on December 9, 2018.

The State sought restitution at Mixon's sentencing hearing, to reimburse the victim for his legal fees to obtain the PFS order and the cost of the security system. Mixon objected to awarding restitution for these expenses, arguing the victim suffered no loss to his home or property from Mixon's actions, and that restitution would unjustly enrich him by improving the value of his residence. But the district court found the victim's costs were reasonable and directly caused by Mixon's actions. The court determined it was reasonably foreseeable that someone in the victim's situation would take the steps the victim did to protect his personal security. As a result, it ordered Mixon to pay restitution in the amount of $255 for legal fees and $2,930.81 for the security system.

Mixon challenges this restitution order on appeal, arguing his actions were not the proximate cause of the victim's costs. We agree, but for a slightly different reason than Mixon argues. We find Mixon's actions were not the proximate cause of the victim's costs because his crimes of conviction occurred after the victim incurred those costs.

As a matter of law, restitution must arise out of the crime of conviction, i.e., be proximately caused by the crime of conviction unless the defendant expressly agrees to pay restitution for other losses of the victim. That is and has been a basic principle governing restitution in Kansas for some time. See *State v. Arnett*, 307 Kan. 648, 655, 413 P.3d 787 (2018); *State v. Dexter*, 276 Kan. 909, 919, 80 P.3d 1125 (2003).

Mixon pleaded no contest to the crimes alleged in the fourth amended complaint: attempted residential burglary and criminal trespass. Both the fourth amended complaint and journal entry of judgment identify the date of these offenses as December 9, 2018. Yet the victim had obtained the PFS order and the security system by then.

The PFS order was granted on October 15, 2018, and the victim testified the security system was installed in the October/November time frame. Indeed, both invoices entered as exhibits by the State to support the restitution costs were dated November 2018. And as the State points out, it was this "newly-installed security system" which caught Mixon committing the actions on December 9, 2018, which gave rise to his crimes of conviction.

The State asserts that we cannot reach this issue because Mixon did not precisely raise it. While the State is correct that Mixon did not allege restitution was improper because his crimes of conviction occurred after the victim's costs were incurred, he did argue the victim suffered no loss or damage from his crimes. And while the State attempts to assert some ambiguity about the dates of Mixon's crimes of conviction, the record shows they arose out of his actions in December 2018, not October.

Crimes which occurred after restitution costs were incurred cannot satisfy the causation requirement of our restitution statute. See K.S.A. 2021 Supp. 21-6604(b)(1) ("the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime"). Because the restitution costs

3

were not caused by Mixon's crimes of conviction, we vacate the district court's restitution order. Since we are vacating this order, we need not consider Mixon's challenges to the constitutionality of the restitution statutes, which he raises for the first time on appeal.

Sentence vacated in part.