NOT DESIGNATED FOR PUBLICATION

No. 129,339

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERNEST CHARLES KLIMA,
*Appellant*.


MEMORANDUM OPINION


Appeal from Barton District Court; STEVEN JOHNSON, judge. Opinion filed May 15, 2026. Affirmed.


Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).


Before GARDNER, P.J., MALONE and ATCHESON, JJ.


PER CURIAM: Ernest Charles Klima appeals his sentence following a no contest plea to one count of theft, a class A misdemeanor. He moved for the summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). The State did not respond. After thoroughly reviewing the record, we affirm the district court's judgment.


*Factual background*

The State charged Klima with one count of vehicular burglary and one count of felony theft in 2024-CR-280 (Case 1), after he broke into a city truck and stole several tools and brass nozzles. The State filed additional charges against Klima in 2024-CR-281 (Case 2), although we do not have that case in our record on appeal. The parties informed

1

the district court that Klima agreed to plead no contest to an amended charge of misdemeanor theft in Case 1 in exchange for the State dismissing the vehicular burglary count and the charges in Case 2. As part of the deal, Klima agreed to pay restitution in both Case 1 and Case 2. Klima also agreed to admit to probation violations in two other cases, and the parties would request a 12-month jail sentence in Case 1 to run concurrent with the felony sentences in the two probation violation cases.

The district court accepted the plea and sentenced Klima to 12 months in jail in Case 1 to run concurrent with the felony sentences in the two probation violation cases. The district court ordered Klima to pay $3,401.06 restitution in Case 1 and $3,229.30 restitution arising from Case 2. Klima timely appealed his sentence in Case 1, the only case subject to this appeal.

*Analysis*

Klima raises two claims on appeal. He first claims "the district court erred in ordering him to pay restitution, particularly the amount of $3,229.30 transferred from [Case 2], which was dismissed." But Klima admits that in *State v. Dexter*, 276 Kan. 909, 919, 80 P.3d 1125 (2003), the court held that a district court "may only order restitution for losses or damages caused by the crime or crimes for which the defendant was convicted *unless, pursuant to a plea bargain, the defendant has agreed to pay for losses not caused directly or indirectly by the defendant's crime*." (Emphasis added.) In other words, a district court may order restitution in any amount specified in a plea agreement. Klima agreed to pay the restitution claim in Case 2 even though that case was dismissed as part of his global plea agreement with the State. The holding in *Dexter* controls here, and the district court did not abuse its discretion in ordering restitution. See *State v. Union*, 319 Kan. 214, 219, 553 P.3d 320 (2024) (holding an appellate court reviews the amount and manner in which restitution is ordered for an abuse of discretion).

Klima also claims the district court erred when "it imposed a jail term of 12 months for the offense of Theft, a Class A misdemeanor, concurrent with the prison terms he was ordered to serve in [the probation violation cases]." But Klima concedes that criminal sentences within the statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness by the sentencing court. *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). He also concedes that he was convicted of a class A misdemeanor for which he was sentenced to 12 months in jail and that K.S.A. 21-6602(a)(1) provides a maximum sentence of one year in jail for such offenses. In sum, Klima concedes his sentence was within the statutory limits for his conviction. He makes no attempt to argue the district court abused its discretion or acted vindictively. Thus, we will not disturb Klima's sentence in Case 1 on appeal.

Affirmed.