(172 P.3d 88)
No. 97,236

STATE OF KANSAS, *Appellee,* v. SPENCER B. DURHAM, *Appellant.*

Opinion filed December 14, 2007.

*Theresa L. Barr*, of Lawrence, for appellant.

*Vernon E. Buck*, assistant county attorney, *Marc Goodman*, county attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before CAPLINGER, P.J., ELLIOTT and LEBEN, JJ.

CAPLINGER, J: Spencer B. Durham appeals the district court's restitution order, arguing the court lacked authority to order restitution for medical expenses incurred on Durham's behalf following his arrest, as well as overtime salary and lodging expenses incurred by the sheriff's department while guarding Durham during his medical treatment.

We conclude the district court properly ordered Durham to reimburse the county for medical expenses incurred pursuant to K.S.A. 2006 Supp. 21-4603d(b)(8), which authorizes the district court to order the defendant to "repay the amount of any medical costs and expenses incurred by any law enforcement agency or county." However, because we find the term "medical" modifies both the term "costs" and the term "expenses," we vacate that portion of the district court's order requiring Durham to pay overtime and lodging, which are nonmedical expenses.

*Factual and procedural background*

Durham pled no contest to and was convicted of one count of forgery. While in custody but before entering his plea, Durham swallowed one or two razor blades and was transported from Lyon County to the Kansas University Medical Center for treatment. Lyon County Sheriff's Department officers accompanied Durham during transport to the Medical Center and guarded him during his treatment, incurring overtime salary and lodging expenses.

Following a hearing to determine the amount of restitution, the district court ordered Durham to pay total restitution of $22,952.43, which included a $20 bank fee to the victim of the forgery, $21,319.69 for medical expenses, $1,336.37 for the officers' overtime expenses, and $296.37 for the officers' lodging expenses. Durham appeals the district court's restitution order.

*Discussion*

On appeal, Durham concedes restitution in the amount of the $20 bank fee was appropriate. However, Durham argues the district court lacked authority to order the payment of medical costs, overtime charges, and lodging expenses as restitution. Durham argues K.S.A. 2006 Supp. 21-4603d(b)(1) requires a causal link between a defendant's unlawful conduct and the restitution ordered, and no such causal link exists here. Further, Durham suggests that even though the county may seek reimbursement for medical costs when an inmate requires medical attention while in custody pursuant to K.S.A. 2006 Supp. 19-1910, such reimbursement may not be included in a restitution order.

We review the amount of restitution and the manner in which it is made to the aggrieved party under an abuse of discretion standard. Statutory interpretation, however, is subject to unlimited review. *State v. Dexter*, 276 Kan. 909, 912-13, 80 P.3d 1125 (2003).

K.S.A. 2006 Supp. 21-4603d sets forth the authorized dispositions for crimes committed after July 1, 1993. The statute provides the disposition may include an order to "repay the amount of any medical costs and expenses incurred by any law enforcement agency or county." K.S.A. 2006 Supp. 21-4603d(a)(8). The statute also provides:

"In addition to or in lieu of any of the above, the court shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2006 Supp. 21-4603d(b)(1).

### (1) medical expenses

In support of his argument the court lacked authority to order restitution for any expense other than the bank fee, Durham relies on *State v. Babcock*, No. 92,429, unpublished opinion filed August 12, 2005. There, this court reversed a restitution order for medical expenses incurred by the county on behalf of the prisoner while the prisoner was in custody. The panel reasoned that 19-1910(a), a civil statute, allows the county to seek reimbursement from a prisoner for medical expenses incurred on the prisoner's behalf while in custody, but does not permit the inclusion of such expenses in a restitution order in a criminal case.

The *Babcock* panel recognized that 21-4603d(b)(1) does not specifically exclude reimbursement of medical expenses as restitution. However, the court further noted that no causal connection existed between the defendant's crime and the medical expenses, as generally required when applying 21-4603d(b)(1). Relying on the general principle that criminal statutes must be construed in favor of the accused, the court rejected the inclusion of medical expenses as restitution. *Babcock*, slip op. at 10-11.

Significantly, the *Babcock* panel acknowledged that its decision might be rendered moot by recent amendments to 21-4603d,

which permitted the district court to order payment of in-custodial medical costs as part of a criminal defendant's sentence. *Babcock,* slip op. at 3.

As anticipated in *Babcock,* the criminal code now clearly provides for reimbursement to counties for medical expenses incurred on behalf of custodial prisoners. In 2005, the legislature amended 21-4603d to permit the court to order the defendant to "repay the amount of any medical costs and expenses incurred by any law enforcement agency or county." L. 2005, ch. 150, sec. 5. The statute does not require the State to prove causation between the defendant's crime and the medical expenses incurred. K.S.A. 2006 Supp. 21-4603d(a)(8).

Therefore, we conclude the district court had statutory authority pursuant to K.S.A. 2006 Supp. 21-4603d(a)(8) to order Durham to pay medical expenses in addition to the $20 bank fee authorized by K.S.A. 2006 Supp. 21-4603d(b)(1), and we affirm that portion of the district court's order.

### (2) overtime charges and lodging expenses

Next we must determine whether overtime charges and lodging expenses incurred by the county in connection with Durham's hospital stay fall within the purview of "medical costs and expenses incurred by any law enforcement agency or county" pursuant to K.S.A. 2006 Supp. 21-4603d(a)(8). In making this determination, we are mindful of the general rules of statutory construction:

"The fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme. Ordinary words are given their ordinary meanings. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be." *Winnebago Tribe of Nebraska v. Kline,* 283 Kan. 64, 77, 150 P.3d 892 (2007).

When interpreting specific statutory language, Kansas courts also apply the last antecedent rule:

"In construing statutes, qualifying words, phrases and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding. The last antecedent, within the meaning of this rule, has been regarded as the last word which can be made an antecedent without impairing the meaning of the

sentence. [Citation omitted.]" *Barten v. Turkey Creek Watershed Joint District No. 32,* 200 Kan. 489, 504, 438 P.2d 732 (1968).

As a general rule, criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt as to the meaning of the statute is decided in favor of the accused. Nevertheless, the rule of strict construction is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Snow,* 282 Kan. 323, 340-41, 144 P.3d 729 (2006).

K.S.A. 2006 Supp. 21-4603d(a)(8) permits the district court to order repayment of the amount of any "medical costs and expenses incurred by any law enforcement agency or county." The State simply assumes, without analysis, that overtime and lodging expenses incurred by sheriff's officers while guarding a prisoner during a hospital stay qualify as "medical costs and expenses."

If we apply the last antecedent rule, the term "medical" would modify the term "costs" but not the term "expenses." Using this interpretation, the term "expenses" would be unrestricted and the defendant could conceivably be ordered to repay *any* expense incurred by "any law enforcement agency or county." We do not find such a rationale reasonable or sensible, however, and we decline to apply the last antecedent rule in this context.

Instead, we find the terms "costs" and "expenses" as used in K.S.A. 2006 Supp. 21-4603d(a)(8) to be redundant. "Cost" is defined as "[e]xpense; price" and "expense" is defined as "[a]n outlay; charge; cost; price." Black's Law Dictionary 345, 577 (6th ed. 1990). Moreover, we note that in addition to the phrase at issue here, the legislature used the phrase "costs and expenses" twice more in K.S.A. 2006 Supp. 21-4603d(a)(8). Specifically, the statute permits the court to order the defendant to repay "any *costs and expenses* incurred by any law enforcement agency in the apprehension of the defendant" (if any of current crimes is escape or aggravated escape) and "the amount of any such *costs and expenses* incurred by a county . . . shall be deposited and credited to the same fund the public funds were credited to prior to use." (Emphasis added.) K.S.A. 2006 Supp. 21-4603d(a)(8). It seems clear

that in each of these instances, the term "costs" and the term "expenses" are redundant.

Therefore, we decline to attach special or broader significance to the use of the phrase "costs and expenses" as it relates to "medical costs and expenses." Applying the rule that criminal statutes must be strictly construed in favor of the accused, we conclude the term "medical" as used in K.S.A. 2006 Supp. 21-4603d(a)(8) modifies both the term "costs" and the term "expenses." We believe this interpretation is reasonable and fulfills the legislature's design and intent to hold prisoners responsible for medical expenses incurred on their behalf.

Because officers' overtime and lodging expenses are not "medical costs or expenses" as that phrase is used in K.S.A. 2006 Supp. 21-4603d(a)(8), we vacate that portion of the district court's order requiring Durham to pay $1,336.67 for overtime charges and $296.37 for lodging expenses. The remainder of the district court's restitution order, the $20 bank fee and medical expenses of $21,319.69, is affirmed.

Affirmed in part and vacated in part.