John D. Gatz, Colby City Attorney 505 N. Franklin Avenue, Suite A P.O. Box 346 Colby, Kansas 67701
Dear Mr. Gatz:
As City Attorney for the City of Colby, you inquire whether a county or city is liable for the cost of transporting individuals for the purpose of mental health evaluations. You have provided us with a copy of a letter from Sheriff Michael L. Baughn notifying the City of Colby and other law enforcement agencies in Thomas County that his office will no longer provide transportation for individuals detained by city police officers for mental health evaluations, absent a court order.
Persons who may be mentally ill and are a danger to themselves or others are the subject of the Care and Treatment Act for Mentally Ill Persons (Act).[1] The Act authorizes law enforcement officers[2] to detain persons they reasonably believe to be mentally ill and take them to an appropriate facility for evaluation. The intent of the Act is to balance the liberty interests of a person while preventing the latter from harming himself or another person. The Act provides safeguards for these individuals to make it clear they are not criminals and are detained no longer than necessary to make a determination if they require treatment and possibly involuntary commitment. Law enforcement intervention is one method for a person to become subject to the Act. Your questions focus on which law enforcement agency bears the costs associated with transportation.
 "1. If a city police officer detains a person pursuant to K.S.A. 59-2953, is the city police department or the county sheriff's department required to transport the patient for treatment?"
The Act describes the circumstances in which law enforcement officers may place a person into protective detention and take such person to an appropriate facility for an evaluation to determine if the person is mentally ill and a danger to self or others. The section you cite provides two opportunities for an officer to transport a person the officer reasonably believes to be mentally ill.
Once an officer has made the initial determination that a person is mentally ill and likely to cause harm to self or others, the officermay take the person into custody without a warrant.[3] If the officer decides to take the person into custody, "[t]he officer shall transport the person to a treatment facility where the person shall be examined by a physician or psychologist. . . ."[4]
"When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be."[5] Accordingly, based upon the plain language of K.S.A. 59-2953, it is our opinion that the officer who makes the decision to take the person into custody transports the person to a treatment facility for evaluation.[6]
The second opportunity occurs after the physician or psychologist has made a determination that the person does not require involuntary commitment for care and treatment. At that time, "the law enforcement officer shall return the person to the place where the person was taken into custody. . . ."[7]
Transporting the person is only a portion of the responsibility an officer takes on when detaining someone who may be mentally ill and a danger to self or others. If, after the preliminary examination, the individual is determined to require involuntary commitment, the officer "having custody of that person pursuant to K.S.A. 59-2953" must prepare an application for the treatment facility.[8] Required information for the application includes the name and address of the individual, contact information of any relatives, a statement that the officer has a reasonable belief that the person is mentally ill and likely to cause harm to himself or others, a statement of the facts and circumstances that led the officer to believe the individual required treatment and if any criminal charges are pending.[9] The officer must include a statement that the officer or a parent or legal guardian, will file a petition in the district court by the close of business to have the person committed to the treatment facility.[10]
Our reading of the plain language of the statute is that the officer who makes the initial determination to detain an individual must also transport the individual to an appropriate treatment facility as the officer may be required to complete an application for involuntary commitment that includes statements regarding the officer's observations of the individual.
 "2. Pursuant to K.S.A. 59-2970, may the court order the sheriff's department to transport a patient even though the individual was detained by the police department?"
K.S.A. 59-2970 provides the court with jurisdiction to order transportation to effectuate the Act. The court has at least two options when assigning transportation responsibility: a relative may fulfill that role, or the court may select another "suitable person."[11] The statute implies that a law enforcement officer may be used because it states "[a]n individual shall not be transported in a marked police car or sheriff's car if other means of transportation are available."[12]
Therefore, a court may order the sheriff to transport an individual, even if initially detained by a city police officer.
 "3. If the police department provides transportation to the treatment facility, are the transportation costs required to be paid by the county?"
K.S.A. 59-2981 permits the court to order payment for treatment and professional services rendered under the Act. "Other costs and fees shall be allowed and paid as are allowed by law for similar services in other cases. The costs shall be taxed to the estate of the patient, to those bound by law to support such patient or to the county of the residence of the patient. . . ."[13]
At issue is whether transportation costs are to be included within the phrase "other costs."[14]
Our search for guidance on this point yielded only one case and it provided a clear exclusion of law enforcement officer overtime and lodging expense from the term "medical costs and expenses."[15]
Moreover, we have been informed by the Department of Social and Rehabiliative Services (SRS) that this exclusion is consistent with its understanding and application of the term "costs" as used in K.S.A.59-2981. According to SRS "costs" include payment to private providers and institutions. Patients are not charged for transportation services provided by law enforcement agencies. Therefore, absent a statute taxing law enforcement transportation costs to the patient or the patient's county of residence, such costs cannot be assessed under K.S.A. 59-2981.
 "4. If the person detained and transported for evaluation or treatment is a transient, non-resident of Kansas, are the costs of the proceeding and transportation required to be paid by the county?"
There are two separate "costs" involved in answering your question. Our analysis for the above question determined that transportation costs are not included in K.S.A. 59-2981. Therefore, those costs may not be taxed to anyone. The transporting law enforcement agency has to absorb them.
The "costs" of a proceeding, as identified in K.S.A. 59-2981, such as professional services, appointed attorney fees for the patient, county or district attorney costs in change of venue cases, and any other costs and fees "allowed by law," may be taxed to the patient, persons responsible for the patient, or the county of residence. K.S.A. 59-2981
provides that if the patient is not a resident of the county, the court "shall transmit the statement of costs to the secretary of social and rehabilitation services who shall determine the question of residence and certify the secretary's findings to each district court." SRS has advised that it is the department's practice to make the necessary inquiries to determine the county of residence. Our understanding from SRS is that a non-resident of Kansas would be determined to be a resident of the county where initially detained and evaluated.
In conclusion, it is our opinion that the law enforcement officer who makes an initial determination that a person is mentally ill and likely to cause harm to self or others is responsible for transporting the person to an appropriate treatment facility for evaluation. However, pursuant to K.S.A. 59-2970, a court may order any "suitable person," including a sheriff, to transport a person to a treatment facility specified in the order. Finally, absent statutory authority, the costs incurred by a law enforcement agency in transporting a mentally ill person cannot be taxed to such person, those responsible by law for the person, or the person's county of residence. Only those costs itemized in K.S.A. 59-2981 can be taxed to the aforementioned persons or county.
Sincerely,
 Stephen N. Six Attorney General of Kansas
 Michael J. Smith Assistant Attorney General
SNS:MF:MJS:jm
[1] K.S.A. 59-2945 et seq.
[2] K.S.A. 59-2946(c) citing K.S.A. 22-2202 for the definition of law enforcement officer. K.S.A. 22-2202(13) does not distinguish between municipal police officers and sheriff's deputies.
[3] K.S.A. 59-2953(a). Emphasis added.
[4] Id.
[5] Williamson v. City of Hays, 275 Kan. 300, 305 (2003).
[6] Although you do not raise the issue, this office has offered opinions that a law enforcement officer may leave their jurisdiction in order to transport an individual to a treatment facility outside their jurisdiction. See Attorney General Opinions No. 78-155 and 82-67. Our understanding is that the designated treatment facility in Thomas County is the Colby office of the High Plains Mental Health Services.
[7] K.S.A. 59-2953(a).
[8] K.S.A. 59-2954(b).
[9] Id.
[10] Id.
[11] K.S.A. 59-2970.
[12] Id.
[13] K.S.A. 59-2981. Emphasis added.
[14] The Kansas courts have considered the issue of medical costs and this office has also opined on the question of medical costs. See WesleyMedical Ctr. v City of Wichita, 237 Kan. 807 (1985) and Attorney General Opinion 2007-39. The assignment of medical costs according to the holding in Wesley is based upon whether the person in custody is charged with violating a state statute or local ordinance. Because a person is detained under the authority granted by the Act, and assumed to not have committed a crime, we must look beyond Wesley for guidance. The Kansas Court of Appeals has considered the question of medical costs when an intoxicated individual was taken into protective custody. [Susan B.Allen Mem'l Hosp. v. Bd. of County Comm'rs of Butler County,12 Kan.App.2d 680 (1988)]. The court extended the holding inWesley to include those in "protective custody" even though they would not be charged with a crime. This is consistent with the first portion of K.S.A. 59-2981.
[15] State v. Durham, 38 Kan.App.2d 791 (2007). The Court considered whether police overtime and lodging expense could be included as medical costs and expenses for restitution purposes per K.S.A.21-4603d(a)(8).