(108 P.3d 1010)
No. 91,447

STATE OF KANSAS, *Appellee*, v. CAROL JOANN DYER, *Appellant*.

—

Opinion filed April 1, 2005.

*Theresa Barr*, assistant appellate defender, for appellant.

No appearance by appellee.

Before MARQUARDT, P.J., MCANANY, J., and BRAZIL, S.J.

MCANANY, J.: Carol Dyer appeals the imposition of a restitution order of $107,961.07 following her guilty plea to three counts of theft. We vacate the trial court's restitution order and remand the case for further proceedings.

Dyer was employed as an accountant at M&M Motors for approximately 10 years. During that time, she diverted to her own use a substantial amount of the company's funds. When her activities were discovered, she was fired and an auditing firm was hired to discover how much money she had taken.

Dyer was charged with various counts of theft, forgery, and making a false writing. Pursuant to plea negotiations, the State amended the charges to three counts of felony theft in the amounts of $1,000, $852.63, and $1,000; dismissed the remaining counts; and Dyer agreed to plead no contest to the amended charges. There was no agreement at the time regarding restitution.

M&M's loss included $276,743.02 taken by Dyer (later reduced at the State's request to $63,213.77 due to statute of limitations considerations), attorney fees, accountant auditing fees, related expenses, and $38,800.43 for loans taken out by M&M to support the business during the period of Dyer's thefts.

Dyer did not dispute that the $63,213.77 and the auditing fees were reasonable and should be reimbursed to M&M. She argued that the remainder of the requested restitution was not related to the three theft charges to which she pled. She suggested that a restitution order of $64,937.60 would be fair, and that she would partially satisfy the order by surrendering her retirement plan worth approximately $46,000.

The district court sentenced Dyer to three consecutive 6-month sentences, followed by 12 months of postrelease supervision. The court suspended the prison sentence and placed her on probation for 12 months, conditioned on her paying restitution of $107,961.07.

Dyer argues that absent an agreement regarding restitution, the district court could not order restitution in an amount beyond the total of the value of the damages resulting from three counts to which she pled. The total loss from those three theft counts was $2,852.63.

We review the amount of restitution using the abuse of discretion standard. We look for substantial competent evidence to support the trial court's factual finding of causation between the crime and the victim's loss. And, finally, we exercise unlimited review

over the trial court's interpretation of statutes. *State v. Dexter*, 276 Kan. 909, 912-13, 80 P.3d 1125 (2003).

K.S.A. 2004 Supp. 21-4603d(d) and K.S.A. 2004 Supp. 21-4610(d)(1) predicate a restitution order upon a causal link between the defendant's unlawful conduct and the victim's damages. Thus, the trial court "may only order restitution for losses or damages caused by the crime or crimes for which the defendant was convicted unless, pursuant to a plea bargain, the defendant has agreed to pay for losses not caused directly or indirectly by the defendant's crime." 276 Kan. at 919.

Here, the dollar amount of the damages arising from the three counts to which Dyer pled was only $2,852.63 and there was no agreement for restitution in the amount of $107,961.07. The trial court erred in ordering restitution in this amount. Nevertheless, at the sentencing hearing Dyer acquiesced to a restitution order of $64,937.60 and actually proposed this amount as her alternative restitution plan. We may view this as a tacit agreement that satisfies the requirements of *Dexter*; or we may view Dyer's acquiescence and proposed alternative restitution plan as inviting the error of which she now complains. See *State v. Hebert*, 277 Kan. 61, 78, 82 P.3d 470 (2004). Either way, Dyer cannot now be heard to complain about $64,937.60 of the restitution order, even though it exceeds the amount of the charges to which she pled.

The order for restitution is vacated and the case remanded for the imposition of a restitution order consistent with this opinion.