NOT DESIGNATED FOR PUBLICATION

No. 113,175

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE STEPHEN STEFFENS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; SARA WELCH, judge. Opinion filed April 29, 2016. Affirmed in part and sentence vacated in part.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Andrew Hamline*, legal intern, *Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.


*Per Curiam*: Jesse Stephen Steffens pled guilty to five counts of felony theft. He was sentenced to 34 months' in prison and ordered to pay restitution of approximately $62,000. Based upon his financial situation, however, the district court only required him to pay $2,400 in restitution during his term of postrelease supervision. The court also authorized the Kansas Department of Corrections' Prisoner Review Board (Board) to increase that amount at the time of Steffens' release if his financial outlook had improved. Steffens appeals this sentence. Although we find that that the court did not abuse its discretion in ordering Steffens to pay a mere 4% of the total restitution owing, the court

1

did err in authorizing the Board to increase the amount of restitution he was ordered to pay. Accordingly, we affirm in part, but we vacate the portion of Steffens' sentence that authorized the Board to increase the amount of restitution he would be required to pay.

FACTUAL AND PROCEDURAL HISTORY

Steffens and a codefendant were arrested for a string of thefts that took place between November 6, 2013, and January 1, 2014. He was charged with five counts of felony theft and one count of misdemeanor theft. Steffens and his codefendant were alleged to have taken almost $160,000 worth of items from various construction trailers and residential subdivisions, including 3 full-size bronze deer, a bronze statue of a golfer, eagle medallions, and 17 bronze maple-leaf light covers from the entrance to the subdivisions. Steffens agreed to plead guilty to the five counts of felony theft in exchange for the State dismissing the misdemeanor charge. He was sentenced, pursuant to the plea agreement, to a controlling term of 34 months in prison with 12 months of postrelease supervision.

As part of the plea agreement, Steffens also agreed to "[f]ull restitution [on] all counts" jointly and severally with his codefendant. Restitution that was requested from the victims was subsequently determined to be $62,076.80, and Steffens agreed that the property stolen was worth that amount. But at sentencing, Steffens argued that it would be unreasonable and unworkable for the court to order him to pay the full amount of restitution as a condition of postrelease supervision because he had not worked for almost 20 years and, although disabled, was not receiving any disability benefits. The district court recognized Steffens' financial situation and ordered him to pay $2,400 over the course of his postrelease supervision. However, the district court expressed its concern that Steffens' financial situation could improve during his 34 months in prison, so the judge left open the possibility that the Board could increase the amount of restitution at the time of Steffens' release:

2

"So what I am going to do, I am going to order—first of all, I am going to find that the restitution amount is 62,076.80. I am going to order that the defendant pay $2,400 of that restitution during his postrelease supervision, which is $200 per month, and if the Parole Board deems it appropriate to increase that amount based upon the defendant's financial circumstances, which I certainly cannot forecast from sitting here today, I am going to give the benefit of the doubt to the victims of this crime. If the Kansas Parole Board wishes to increase that amount based upon the defendant's circumstances, I think they are absolutely entitled to."

Steffens now appeals.

## ANALYSIS

*The district court did not abuse its discretion when it ordered Steffens to pay $2,400 in restitution.*

We first address Steffens' contention that the district court erred when it ordered him to pay restitution in the amount of $2,400. Steffens contends that this amount was unreasonable and unworkable given his financial situation at the time of sentencing.

The State argues that this court should decline to consider the issue. The State makes two separate arguments—first, that any error is invited error, and second, that Steffens failed to preserve the issue for appeal by not objecting to the order below. We will address each in turn.

*Invited Error*

In support of its first argument, the State cites *State v. Dyer*, 33 Kan. App. 2d 766, 108 P.3d 1010 (2005). In *Dyer*, this court held that the appellant could not complain on appeal about restitution that was ordered in an amount she had previously agreed to pay.

3

33 Kan. App. 2d at 768. A similar situation exists here. As part of a plea agreement, Steffens agreed to be held jointly and severally liable for the "[f]ull restitution" amount due from all counts charged. But in *State v. Copes*, 290 Kan. 209, 217-18, 224 P.3d 571 (2010), our Supreme Court held that the defendant's agreement to pay the Board of Indigents' Defense Services (BIDS) attorney fees was unenforceable where an actual dollar amount was not set at the time of the plea agreement. The Supreme Court recognized that formation of a contract requires a meeting of the minds and determined that no such meeting takes place when the amount of fees to be paid is left pending. 290 Kan. at 217-18. The agreement here contains the same flaw. Although Steffens could easily have approximated the damages based on the minimum value of goods required for the crimes with which he was charged, based solely on our Supreme Court's holding in *Copes*, we find that the invited error doctrine does not apply.

*Failure to object*

The State's second argument is that Steffens failed to object to the restitution order below and so he should be precluded from objecting to it here. In order for an issue to be properly before an appellate court, the argument typically must have been raised and ruled on by the district court. See *State v. Cheffen*, 297 Kan. 689, 696, 303 P.3d 1261 (2013). Objections to the amount of restitution ordered by the district court are included amongst the arguments that must be raised below in order to be preserved for appeal. *State v. King*, 288 Kan. 333, 353, 204 P.3d 585 (2009).

But contrary to the State's argument, Steffens' attorney objected to the proposed restitution amount of $62,076.80 early in the sentencing hearing. She cited the case of *State v. Herron*, 50 Kan. App. 2d 1058, 335 P.3d 1211 (2014), *rev. denied* 301 Kan. __ (January 15, 2015), which had been released just a few days before sentencing, for the proposition that the court was required to take into account Steffens' ability to pay. She pointed out that Steffens had been unemployed for almost 20 years, he was disabled and

4

not receiving any benefits, and he was incarcerated. She noted that Steffens was not requesting probation and would be serving his term in prison. Even though she did not object to the $2,400 that the district court ultimately ordered Steffens to pay, we find that counsel properly preserved the issue of the restitution amount for consideration on appeal. So we will proceed to discuss whether the district court erred in ordering Steffens to pay $2,400.

*Abuse of discretion*

This court reviews a district court's restitution order for an abuse of discretion. *State v. Hall*, 297 Kan. 709, 711, 304 P.3d 677 (2013). A district court abuses its discretion if it acts in a way that is (1) arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or, (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Steffens relies primarily on *Herron* for the argument that the district court erred when it ordered him to pay $2,400 in restitution. There, this court determined that it was unreasonable for the district court to order Herron to pay $6,864 during her 18 months' probation because her income was only $680 a month. 50 Kan. App. 2d at 1065-66. We found that "[p]overty can be a sufficient legal basis, depending on the facts of a particular case, to determine that no restitution plan would be viable." 50 Kan. App. 2d 1058, Syl. ¶ 2. Similarly, in *State v. Orcutt*, No. 101,395, 2010 WL 348281, at *5 (Kan. App.) (unpublished opinion), *rev. denied* 290 Kan. 1101 (2010), this court found that the district court's restitution order of $7,500, paid at a rate of $625 a month, was unworkable because the defendant received only $980 a month in Social Security benefits and spent it all on rent, utilities, groceries, and medication.

But one key difference between *Herron* and *Orcutt* and the case now before us is that both earlier cases involved defendants who were placed directly on probation and

5

required to make restitution payments as a condition of their probation. Probation, with a few exceptions, is generally "a procedure under which a defendant, convicted of a crime is released by the court after imposition of sentence, without imprisonment." K.S.A. 2015 Supp. 21-6603(g). The conditions of probation are imposed by the court and supervised by court services or community corrections. K.S.A. 2015 Supp. 21-6603(g). Kansas sentencing statutes require the court to order a defendant to pay restitution "unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 21-6604(b)(1). If the defendant is placed on probation, payment of restitution must be made a condition of any probation "unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 21-6607(c)(2). Clearly, the determination of whether a plan is workable while the defendant is on probation is a decision within the sound discretion of the district judge. In addition, if a defendant is ordered to pay full or partial restitution, the probation period can be continued as long as the amount of restitution remains unpaid. K.S.A. 2015 Supp. 21-6608(c)(8).

On the other hand, postrelease supervision "means the release of a prisoner to the community after having served a period of imprisonment . . . , subject to conditions imposed by the prisoner review board" and supervised by the Secretary of Corrections. K.S.A. 2015 Supp. 21-6803(p). Again, a court must order restitution as part of the sentence "unless the court finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 21-6604(b)(1). But instead of the court, the Board is generally given the authority to set conditions of postrelease supervision. See K.S.A. 2015 Supp. 21-6803(p); K.S.A. 2015 Supp. 22-3717(m). There is no provision similar to K.S.A. 2015 Supp. 21-6608(c)(8) that would allow the extension of postrelease supervision until all restitution payments are made. As to a court order of restitution as it relates to postrelease supervision, the statute provides:

"If the court which sentenced an inmate specified at the time of sentencing the amount and the recipient of any restitution ordered as a condition of . . . postrelease supervision, the prisoner review board shall order as a condition of . . . postrelease supervision that the inmate pay restitution in the amount and manner provided in the journal entry unless the board finds compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 22-3717(n).

This difficulty with predicting the future, as the district judge expressed from the bench in this case, may be the reason that the Board is given the authority to further reduce restitution awards at the time of a defendant's release from prison. This safeguard allows a district court to order some restitution even for defendants facing long prison sentences whose financial futures are uncertain while providing a mechanism to protect those defendants from unrealistic payment schedules later. For any defendant facing a prison sentence, restitution likely seems unrealistic and unworkable at the time of sentencing because going to prison disrupts employment and makes future employment more difficult to obtain. Nevertheless, district courts are permitted to order both prison and restitution.

Our Supreme Court has also recognized the difficulty of predicting future payments for defendants who are subject to incarceration. In *State v. Alcala*, 301 Kan. 832, 348 P.3d 570 (2015), our Supreme Court considered a challenge to a restitution order of $43,230 by a defendant convicted of first-degree murder. The defendant argued that the restitution order was unworkable based on his long prison sentence and limited earning potential in prison. The court concluded that since the defendant would not be expected to begin making restitution payments until after he was released from prison, his argument failed because he had "presented no evidence of his inability to pay restitution after his possible parole." 301 Kan. at 840.

In another prison and restitution case, *State v. Goeller*, 276 Kan. 578, 77 P.3d 1272 (2003), *overruled on other grounds by State v. Dickey*, 301 Kan. 1018, 350 P.3d

7

1054 (2015), our Supreme Court upheld the district court's restitution order of $12,000 to be paid during the defendant's 12 months of postrelease supervision despite the fact that the defendant had filed an affidavit attesting that he had not worked in a year; did not own a home, land, or a vehicle; and did not receive income from any other sources. Key to this holding was the court's assessment that "[t]he design of [the sentencing statute] makes clear that restitution is the rule and a finding that restitution is unworkable the exception." 276 Kan. at 583. The court also considered Goeller's attorney's speculation at sentencing that Goeller was likely to have a job again in the future as evidence that the district court did not abuse its discretion. Finally, the Supreme Court recognized that the district court had considered Goeller's financial limitations because it only ordered him to pay $12,000 of the $130,000 in restitution that he could have been liable for—adding weight to the argument that the district court's order was reasonable. 276 Kan. at 583-84.

Admittedly, Steffens did argue to the court that he had been unemployed for many years and was disabled. His financial affidavit indicated he was homeless. The possibility that he may be able to work after serving almost 3 years in prison seems unlikely. In fact, the State conceded that his chances of paying any restitution was "slim." Likewise, the chances that he may win the lottery or receive an inheritance, as suggested by the district judge at his sentence hearing, also seem remote at best. But the chance that he could receive some sort of public assistance upon release does not seem remote. And the court clearly considered his circumstances by reducing the amount he would have to pay from over $62,000 to $2,400, less than 4% of the total. This amount does not appear unreasonable, particularly in light of the fact that—as a postrelease supervision case—the amount could be further reduced upon Steffens' release if his situation does not improve. Accordingly, we find that the district court did not abuse its discretion in ordering Steffens pay $2,400 of the restitution order as a condition of postrelease supervision.

8

*The district court erred when, as part of its restitution order, it authorized the Board to act in a way that exceeded its statutory authority.*

Steffens next argues that the district court erred when it granted the Board the authority to increase the restitution amount at the time of Steffens' release from prison if Steffens' financial situation had improved. Steffens did not object to this portion of his sentence below. He contends that this court nevertheless has the power to hear his appeal because the sentence imposed was illegal and an illegal sentence may be corrected at any time.

Steffens is correct on the issue of timing. Generally, issues not raised before the district court cannot be raised for the first time on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, K.S.A. 22-3504(1) grants courts the authority to correct illegal sentences at any time, including on direct appeal where the sentence was not challenged below. A sentence is illegal if (1) the sentencing court lacked jurisdiction to impose the sentence; (2) the sentence "does not conform to the applicable statutory provision, either in character or the term of authorized punishment;" or (3) the sentence "is ambiguous with respect to the time and manner in which it is to be served." *State v. Taylor*, 299 Kan. 5, 8, 319 P.3d 1256 (2014). Kansas courts narrowly construe K.S.A. 22-3504(1), so only rarely will sentences be found to be illegal. *State v. Edwards*, 281 Kan. 1334, 1336, 135 P.3d 1251 (2006). Sentences that merely result from a defective complaint or trial defect, are alleged to be unconstitutional, or violate a plea agreement are not illegal. See *State v. Gilbert*, 299 Kan. 797, 801-02, 326 P.3d 1060 (2014); *State v. Mitchell*, 284 Kan. 374, 377, 162 P.3d 18 (2007); *State v. Mebane*, 278 Kan. 131, 139, 91 P.3d 1175 (2004). Whether a sentence is illegal is a question of law that this court reviews de novo. *Taylor*, 299 Kan. at 8.

Steffens grounds his argument in the first prong of the illegal sentence test, arguing that the district court and the Board both lack jurisdiction to upwardly modify his

sentence after it was pronounced from the bench. This argument misses the mark. The district court had jurisdiction to pronounce a sentence from the bench that included an order for restitution after Steffens was found guilty of the theft of the goods for which restitution was sought. See *State v. Moncla*, 301 Kan. 549, 553, 343 P.3d 1161 (2015) ("[defendant's] conviction for first-degree murder bestowed jurisdiction to sentence upon the district court").

A more convincing argument is that the district court's order is illegal under the second prong of the test:  the sentence "does not conform to the applicable statutory provision, either in character or the term of authorized punishment." *Taylor*, 299 Kan. at 8. In the journal entry, the district court ordered "Total Restitution" of $62,076.80. Under "Restitution to be paid as follows," the district court again listed $62,076.80 on the "Amount" line, but then wrote:  "Court notes [defendant's] financial status and orders [defendant] to pay $2,400 of restitution during post-release, but KDOC may modify amount upward if [defendant's] status changes."

It appears from both the journal entry and transcript that the district court did three things. Frist, it clarified the total amount of damages for which Steffens could be held liable. Second, it acknowledged that Steffens had neither worked nor received cash assistance from the government in a number of years and ordered him to pay the reduced amount of $2,400 based on his financial circumstances. Third, it authorized the Board to reevaluate Steffens' financial situation at the time of his release from custody and to increase the restitution amount if his financial outlook had improved at that time. This final element of the district court's sentence is problematic because it delegates the district court's statutory authority to impose a sentence on Steffens to the Board and commands the Board to act in a way that exceeds its statutory authority. This flaw is significant because it results in a sentence that does not comport with the governing statutes.

10

As we have already outlined, when a district court has ordered restitution in addition to imprisonment, payment is incorporated into the terms of the prisoner's postrelease supervision by the Board. K.S.A. 2015 Supp. 22-3717(n). The Board is required to order payment of restitution "in the amount and manner provided in the journal entry." K.S.A. 2015 Supp. 22-3717(n). However, the statute grants the Board discretion to decrease the amount of restitution or eliminate it entirely if it finds "compelling circumstances which would render a plan of restitution unworkable." K.S.A. 2015 Supp. 22-3717(n); see also K.S.A. 2015 Supp. 22-3718 (Board may set aside restitution as condition of release).

Neither of these statutes permits the district court to authorize the Board to *increase* the amount of restitution it orders. See K.S.A. 2015 Supp. 22-3717(n); K.S.A. 2015 Supp. 22-3718. Making such an order clearly exceeded the scope of the district court's sentencing authority.

Accordingly, we must vacate that portion of Steffens' sentence that authorizes the Board to increase the district court's restitution order.

Affirmed in part and vacated in part.