NOT DESIGNATED FOR PUBLICATION

No. 118,751

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL JAMES BOUTIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lincoln District Court; BRIAN V. GRACE, judge. Opinion filed October 26, 2018. Affirmed.

*Bradley T. Steen*, of Law Office of B. Truman Steen, LLC, of Lincoln, for appellant.

*Jennifer R. O'Hare*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM: David James Boutin pled no contest to several misdemeanor crimes, and the district court ordered jail time and restitution as part of his sentence. Boutin appeals the court's restitution order, claiming restitution in the amount of $3,977.25 constitutes an abuse of discretion because the State admitted no evidence to support the restitution amount. Because we find that any error committed by the district court either was invited by Boutin or harmless, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2017, Kansas Highway Patrol Trooper Cole McGee tried to pull over a vehicle driven by Boutin. A high-speed police chase ended with Boutin's arrest and damage to McGee's patrol vehicle.

The State charged Boutin with seven crimes, and he entered into a plea agreement with the State where he agreed to enter no contest pleas to four charges; in return, the State agreed to dismiss two of the charges and reduce one felony charge to a misdemeanor. At a plea hearing in December 2017, Boutin's defense counsel described the plea agreement.

"He'll be entering a no-contest plea to Count Number One and to Count Number Two.

"Count Number Three, the felony will be dismissed. Count Number Four will be amended to a misdemeanor, fleeing and [eluding]. And he'll also plead no contest to Count Five, no proof of liability insurance and Count Six, driving while license suspended.

"And when we were here last week, when we were going to enter the plea, the Court wanted to know the information regarding the damage to the patrol unit, um, that occurred.

"The information that we received that [the State] passed along to me is that they're going to approve, uh, a bid [from] Randy's Restoration and Body Shop, which I think is in Ellsworth for $3,977.25.

"So, the low bid is $3,977.25. And that's, um, the vehicle left the roadway and went through a barbed-wire fence is the damage."

After defense counsel advised the district court of the terms of the plea agreement, the parties stipulated to the probable cause affidavit as the factual basis for the charges, and the district court reviewed the written tender of plea form with Boutin. Boutin pled no contest; the district court accepted his pleas and convicted him on one misdemeanor count each of possession of marijuana, possession of drug paraphernalia, fleeing or attempting to elude a police officer, failure to provide proof of liability insurance, and driving on a suspended license.

Because Boutin was only convicted of misdemeanors, no presentence investigation report was required, so the district court immediately proceeded with sentencing. Boutin's attorney argued for probation in order to allow Boutin to begin paying restitution. His attorney also argued that the district court should consider the restitution amount when determining whether Boutin must pay the Kansas State Board of Indigents' Defense Service (BIDS) application fees. Boutin personally addressed the court and also requested probation so he could begin paying the restitution. While the State agreed probation was appropriate, given the plea agreement, the State argued that restitution was the only issue left to be resolved by the court. Instead of granting probation, the district court sentenced Boutin to 120 days in jail for each conviction, with the sentences to run concurrent, and ordered $3,977.25 in restitution to the Kansas Highway Patrol.

Boutin timely appeals the district court's restitution order.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION IN ORDERING BOUTIN TO PAY RESTITUTION?

We review issues on restitution amounts for an abuse of discretion. *State v. Shank*, 304 Kan. 89, 93, 369 P.3d 322 (2016). An abuse of discretion occurs if the action is arbitrary, fanciful, or unreasonable or if the action is based upon an error of law or fact.

See 304 Kan. at 92. The party asserting an error on appeal "'bears the burden of demonstrating an abuse of discretion.' [Citation omitted.]" *State v. Ashley*, 306 Kan. 642, 650, 396 P.3d 92 (2017).

Under K.S.A. 2017 Supp. 21-6604(b)(1), a district court "shall order the defendant to pay restitution, which shall include, but not be limited to, damage or loss caused by the defendant's crime, unless the court finds compelling circumstances which would render a plan of restitution unworkable." "Although the rigidness and proof of value that lies in a civil damage suit does not apply in a criminal case, the court's determination of restitution must be based on reliable evidence which yields a defensible restitution figure." *State v. Hunziker*, 274 Kan. 655, Syl. ¶ 3, 56 P.3d 202 (2002). This court has previously held that restitution figures based solely upon the prosecutor's representations are insufficient because "[s]tatements of counsel are not evidence." *State v. Cole*, 37 Kan. App. 2d 633, 636-67, 155 P.3d 739 (2007).

Boutin argues the district court erred in ordering him to pay restitution in the amount of $3,977.25, claiming the State failed to establish any evidentiary basis to support the restitution amount as it was based solely upon the statements of counsel. In response, the State argues we should not reach the merits of Boutin's claim because he failed to preserve the issue.

> "Generally, a theory not asserted before the trial court—even an issue raising a constitutional question—cannot be raised for the first time on appeal. There are three exceptions to the rule: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights; and (3) the district court is right for the wrong reason. [Citations omitted.]" *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

4

Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34) requires an appellant to explain why one of the exceptions permits an appellate court to consider an issue for the first time on appeal.

Boutin concedes that he did not object to the district court's order of restitution for $3,977.25 but argues we should consider his claim raised for the first time on appeal under the first two exceptions. As to the second exception, Boutin specifically argues that our review of his claim for the first time on appeal is necessary to serve the ends of justice because (1) an order of restitution with no evidentiary basis constitutes an abuse of discretion and (2) the restitution order may lead to additional contempt charges and fees.

At least two panels of this court have applied the first two exceptions to review a claim raised for the first time on appeal that the prosecutor's statements alone established the restitution amount. See *State v. Duron*, No. 112,962, 2016 WL 765398, at *2 (Kan. App. 2016) (unpublished opinion); *State v. Winfield*, No. 98,824, 2008 WL 3006205, at *3 (Kan. App. 2008) (unpublished opinion). In *Duron*, 2016 WL 765398, at *1-2, the panel reviewed Duron's argument for the first time on appeal even though Duron's counsel failed to object to the restitution amount below and used the amount to bolster an argument for a downward dispositional and/or durational departure.

Admittedly, the question of whether the State provided no reliable evidence to support the restitution amount appears to involve factual issues, meaning the issue does not entirely amount to a question of law arising on proved or admitted facts. But the dispute here really centers on the absence of any record evidence to support the restitution amount, not the reliability of the evidence or how the district court determined the restitution amount. See *State v. Barton*, No. 106,219, 2012 WL 6734509, at *4 (Kan. App. 2012) (unpublished opinion) (declining to apply first preservation exception on appeal because claim depended on disputed fact not determined below—whether damaged door had fair market value). Boutin's claim only requires us to review the record

to determine if the State admitted *any* evidence to support the restitution amount. Although the State argues that it offered a restitution amount at the hearing, the State admitted no evidence—documentary or testimonial—to support the restitution amount proffered by Boutin's counsel. Accordingly, the question in this instance appears to be a legal one which is determinative of the issue and thus would appear to allow our examination of the merits of Boutin's claim.

However, the State also briefly raises a second procedural hurdle by arguing that Boutin invited the district court's error because he acquiesced to the restitution amount of $3,977.25 through his counsel's proffer during the hearing and in signing the journal entry of sentencing after the hearing.

"Generally, a defendant cannot complain on appeal about a claimed error that he or she invited." *State v. Parks*, 308 Kan. 39, 42, 417 P.3d 1070 (2018). "Whether the doctrine of invited error applies is a question of law subject to unlimited review." *State v. Daniel*, 307 Kan. 428, 429, 410 P.3d 877 (2018).

"[A] district court . . . may only order restitution for losses or damages caused by the crime or crimes for which the defendant was convicted unless, pursuant to a plea bargain, the defendant has agreed to pay for losses not caused directly or indirectly by the defendant's crime." *State v. Dexter*, 276 Kan. 909, 919, 80 P.3d 1125 (2003). However, in *State v. Dyer*, 33 Kan. App. 2d 766, Syl. ¶ 3, 108 P.3d 1010 (2005), this court held that

> "[w]hen a defendant at the sentencing hearing acquiesces to a restitution order in excess of the dollar amount of losses or damages caused by the charges to which the defendant pled *and proposes an amount in excess of the amount related to the crimes charged, the defendant has either agreed to the acquiesced amount or invited the court to err in ordering restitution in excess of the charged amount*. Either way, the defendant cannot complain about the amount of a restitution order that does not exceed the amount

to which the defendant acquiesced, even though it exceeds the amount of damages resulting from the charges to which the defendant pled." (Emphasis added.)

As applied to this case, Boutin correctly asserts that the written plea agreement—which the magistrate judge reviewed at the hearing—does not support the State's position that the parties entered into an agreement on the amount of restitution. While the parties stipulated that the probable cause affidavit served as the basis for the charges, the affidavit provides no factual basis to establish the restitution amount. Rather, defense counsel stated that the State disclosed its plan to accept a bid for repairing the damage to the patrol vehicle for $3,977.25, the same amount that the district court later ordered in restitution. But Boutin never proposed the amount of $3,977.25 or any other proper restitution amount, and therefore defense counsel's statement does not constitute an alternative plan.

However, other panels of this court have also found that a defendant acquiesces and invites the error when the defendant argues the district court's restitution amount was based on the prosecutor's statement alone if the defendant requested no evidentiary hearing or expressly declined to object to the restitution amount. See *State v. Jones*, No. 109,442, 2014 WL 1612459, at *1-2 (Kan. App. 2014) (unpublished opinion) (holding invited error, in part, based on counsel's statement: "'We have no objection to that $400 . . . amount.'"); see also *State v. Alexander*, No. 116,618, 2017 WL 3203392, at *1-2 (Kan. App. 2017) (unpublished opinion) (holding counsel's statement expressly foregoing objection to restitution amount effectively invited error).

Here, Boutin never requested an evidentiary hearing and never objected to the restitution amount. Plus, as the State points out, Boutin's counsel signed the journal entry containing the restitution order, although we acknowledge that counsel's signature on the journal entry may only mean that counsel felt the journal entry accurately reflected the district court's order. More damning is the fact that Boutin and his defense counsel used

the restitution amount to bolster his argument for probation. Defense counsel expressly stated, "[W]e determined what the damages were, Your Honor. Um, that's obviously a lot of money. . . . I'd ask the Court to place him on unsupervised probation." Boutin's actions before the district court strike us as invited error.

But even if we assume Boutin did not invite the district court's error in relying solely on the statements of counsel in setting the restitution amount, we consider any error made by the district court in setting restitution under the facts in this particular case as harmless because Boutin does not even attempt to argue that the amount of restitution would have been different had the State produced some evidence in support of the restitution figure of $3,977.25. See *State v. Verser*, 299 Kan. 776, 786, 326 P.3d 1046 (2014) (party benefitting from error has burden of showing no reasonable probability error affected outcome). Unlike in other cases where we vacated a restitution order that was not based upon evidence, Boutin does not challenge the restitution amount as incorrect or unworkable, nor does he challenge whether the restitution is causally related to his crimes. In fact, Boutin concedes that the probable cause affidavit provided a factual basis connecting the damages of the patrol vehicle to his crimes of conviction. As we cannot see how the restitution amount changes with a new hearing, there is no purpose to be served by vacating the district court's restitution order and remanding for another hearing just to get the same result.

Affirmed.